**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald H. Butler, ) | No. CV05-2724-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Southwest Airlines Inc., ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff's Motion to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)").  (Doc. #25).  For the following reasons, the Motion to Amend the Complaint will be granted.

/ / /

**I.      INTRODUCTION**

Plaintiff initiated this action *pro se.* Plaintiff alleges that he suffered injuries on July 14, 2003 when his passenger seat, onboard Defendant Southwest Airlines' commercial airplane, gave way upon landing at Phoenix Sky Harbor Airport. Consequently, Plaintiff's *pro se* filing seeks damages for alleged permanent injury, expenses and pain and suffering arising out of the aircraft landing.

On December 12, 2005, the Court held a Rule 16 Scheduling Conference ("Scheduling Conference"). No one appeared for Plaintiff at the Scheduling Conference. As a result of the Scheduling Conference, the Court issued a Rule 16 Scheduling Order which stated that "any motion to amend the Complaint shall be filed no later than March 17, 2006." (Doc. #10). Plaintiff did not file any motions to amend the Complaint before March 17, 2006.

In May 2006, Plaintiff retained counsel for representation in this matter. Subsequently, on May 8, 2006, the Notice of Appearance by Scott Frazier Frerichs on behalf of Ronald H. Butler was filed. Thereafter, on June 26, 2006, Plaintiff filed his Motion to Amend/Correct the Complaint. Plaintiff seeks to include a claim of loss of consortium by his wife and more fully set forth all of the damages; namely, lost wages, loss of earning capacity, claims for future medical expenses and loss of enjoyment of life.

**II.     LEGAL STANDARDS**

Generally, Rule 15(a) governs a motion to amend pleadings to add claims or parties. However, in the present case, Federal Rule of Civil Procedure 16 ("Rule 16") also applies because Plaintiff requested leave to amend his Complaint after the Rule 16 Scheduling Order deadline expired on March 17, 2006. Therefore, it is appropriate to discuss both Rule 15(a) and Rule 16.

With respect to the interplay between Rules 16 and 15(a), "[a]s the Ninth Circuit explained in *Johnson* [], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v.*

*Laureate, Inc.,* 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1232 (E.D. Cal. 1996); *Coleman v. Quaker Oats* Co., 232 F.3d 1271, 1294 (9th Cir. 2000); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D. N.C. 1987) (finding that a party seeking to amend a pleading after the scheduling order date must first show "good cause" for not amending the complaint sooner, and if "good cause" is established, the party must then demonstrate that leave to amend is proper under Rule 15). "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Accordingly, the Court will first evaluate Plaintiff's Motion under Rule 16 and then, if necessary, under Rule 15(a).

**A.  Rule 16**

Rule 16 applies to pretrial conferences and scheduling orders. This Rule provides, in pertinent part:

> (b) [The district court] shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
>
> (1) to join other parties and to amend pleadings . . . .
>
> . . . .
>
> A schedule shall not be modified except upon a showing of good cause and by leave of the district judge[.]

Fed. R. Civ. P. 16. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Generally, to meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in

> creating a workable Rule 16 [O]rder, . . . ; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). The Ninth Circuit has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *Id.*

Here, Plaintiff has met his burden under Rule 16's "good cause" standard. First, Plaintiff conferred, stipulated, and developed a Joint Proposed Case Management Plan with Defendant. Thus, Plaintiff was diligent in assisting the Court in creating a workable Rule 16 Order. Second, while Plaintiff could have reasonably foreseen or anticipated at the time of the Scheduling Conference that he would hire counsel in the future, it is highly unlikely that he knew of the deficiencies in his Complaint before obtaining counsel. Third, although Plaintiff did not specifically request that the Court modify its scheduling order he was diligent in seeking to amend the complaint. Here, seven weeks passed between the appearance of Plaintiff's counsel and the Motion to Amend the Complaint. Nothing indicates that Plaintiff was careless or less than diligent. Fourth, Plaintiff seeks amendment so that full redress may be sought. Taking all these factors together, Plaintiff has shown "good cause" to modify the Rule 16 Scheduling Order.

**B.     Rule 15(a)**

Rule 15(a) provides in pertinent part:

- 4 -

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15. Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.' . . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987)(citations omitted). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

The liberal policy in favor of amendments, however, is subject to limitations. Whether to grant a motion to amend depends on the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing part, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). The most important of these factors is prejudice to the opposing party. *U.S. v. Pend Oreille Public Utility Dist., No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991). "The party opposing amendment bears the burden of showing prejudice[,]" futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs,* 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

Prejudice can result where a defendant would be forced to participate in additional

1 discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Extending
2 discovery can also create undue delay. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d
3 1132, 1139 (9th Cir. 1998). Regarding futility, "[a] district court does not err in denying
4 leave to amend where the amendment would be futile . . . or would be subject to dismissal."
5 *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see also Miller
6 v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may
7 be denied if it appears to be futile or legally insufficient." (citation omitted)). Similarly, a
8 motion for leave to amend is futile if it can be defeated on a motion for summary judgment.
9 *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "However, a
10 proposed amendment is futile only if no set of facts can be proved under the amendment to
11 the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d
12 at 214.

13 In this case, the Court will permit Plaintiff to amend his complaint. First, there has
14 not been undue delay. As previously noted, only seven weeks passed between the
15 appearance of Plaintiff's counsel and the Motion to Amend the Complaint. Second, there is
16 no evidence of bad faith on the part of Plaintiff. Third, Defendant has not shown that it
17 would be unfairly prejudiced. The proposed First Amended Complaint arises out of the same
18 transaction and events as alleged in the original Complaint. However, to the extent that
19 Defendant feels it may be prejudiced due to other Rule 16 time limitations it may so move
20 the Court within 10 days for an extension of time. Fourth, Defendant has failed to show that
21 the proposed amendment is futile or legally insufficient. Fifth, Plaintiff has not previously
22 amended his complaint. Therefore, leave to amend is proper under Rule 15(a).
23 / / /

### III.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Amend the Complaint (doc. #25) is **GRANTED**. Plaintiff shall file the Amended Complaint within 5 days of the date this Order is filed.

**IT IS FURTHER ORDERED** that if Defendant intends to seek an extension of the Rule 16 deadlines, it may so move within 10 days.

DATED this 18th day of September, 2006.

James A. Teilborg
United States District Judge